CYNTHIA E. MOSES,

         Plaintiff,

  - against -

J.P. MORGAN CHASE BANK NATIONAL ASSOCIATION,

         Defendant.

MEMORANDUM AND ORDER
15-CV-528 (JG)(RLM)

JOHN GLEESON, United States District Judge:

  Plaintiff Cynthia E. Moses, proceeding *pro se*, filed the above-captioned action on February 2, 2015, against defendant J.P. Morgan Chase Bank National Association ("JPMC"). Moses's request to proceed *in forma pauperis* is granted for purposes of this Order. The complaint is dismissed but Moses is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

  The following facts are taken from the complaint. On November 1, 1991, Moses met with Alliance Mortgage Banking Corporation. Compl. at 3. She alleges that "[i]t was mutually decided that plaintiff would purchase above-mentioned property, a shell, for the sum of ... $1690.59. This agreement is evidenced by (1) check #391 (2) certified copy of note, & (3) assignment of mortgage without covenant certified." *Id.*[1] Sometime thereafter, JPMC purchased bundles of mortgages from Alliance Mortgage Corporation. *Id.* "Then [the defendant] repeatedly bullied, badgered, billed and collected money from me on a monthly basis. Yet I did

---

[1] No documentary evidence is attached to the complaint.

not borrow any money from this defendant. . . . No one connected with this property has signed any contract with the defendant!" *Id.* at 3-4. Moses asserts: "Still, this big bank was again paid in full, the money which it had been collecting from me, when this household qualified for the Obama Making Home Affordable Program as well! . . . The bank is not only double-dipping but is also attempting to collect more money by foreclosing on a non-existent mortgage." *Id.* at 4.

Moses further alleges that "[t]o date, defendant has forcibly seized title to this property located at 114-69 208 Street, Cambria Heights, New York 11411. The defendant has refused to deliver title, & failed to deliver title." *Id.* at 4-5. JPMC "has instead[] repeatedly harassed me the plaintiff with: 1) more than one thousand unnecessary & unwarranted telephone calls . . . disregarding the laws of Fair Debt Collection Practices and Laws of Commerce." *Id.* at 5. Defendant has also sent "unnecessary letters to harass me" and "has dispatched interlopers, investors, developers & even sinister land-grabbers, to do daily shakedowns at my location!" *Id.* at 5-6. She further alleges that these individuals have trespassed, banged on Moses's door, "circle[d] [her] block in cars & on foot," and taken pictures of her. *Id.* "Despite the fact that the 'original obligation was discharged,' as is stated on several of their harassment letters, sent by the defendant to plaintiff, the bank has refused to quietly surrender title & is still trying to collect on a debt not owed." *Id.* at 9.

Moses purports to assert federal jurisdiction pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. §§ 2671-80, provisions relating to the proper venue and procedures for tort claims involving United States government defendants. She also cites the "laws of Fair Collection Practices and Laws of Commerce." The complaint further asserts charges of "(1) harassment, criminal mischief & vandalism; (2) discrimination & intimidation; (3) racial profiling & inciting

2

a riot; (4) attempting to collect a debt not owed; (5) unfair trading & abusive practices; (6) false advertising & deceptive trade practices; (7) violation of contract (i.e. Obama Making Home Affordable Program); (8) violation of civil rights; (9) violation of constitutional rights; and (10) violation of human rights." Compl. at 7-8. Moses seeks $10 million in damages, plus interest from March 23, 1996 to the present, and other relief. *Id.* at 8, 10.

## DISCUSSION

In reviewing the complaint, I am mindful that Moses is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Where "a liberal reading of the complaint gives any indication that a valid claim might be stated," I must grant leave to amend at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

However, a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action "(I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

A plaintiff seeking to bring a lawsuit in federal court also must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject

3

matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, see 28 U.S.C. § 1331, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Moses's complaint does not arise under the venue or procedural provisions she cites. The first, 28 U.S.C. § 1391(e), governs venue for civil actions against an officer or employee of the United States. The second, 28 U.S.C. §§ 2671-80, codifies the Federal Tort Claims Act, which waives sovereign immunity and permits litigants to bring certain claims against the United States. As Moses has not named any United States government defendant, these provisions are inapposite.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") prohibits certain activities by debt collectors, including improper communications with the consumer, harassing or oppressive behavior, false or misleading representations, and the use of unfair or unconscionable means of debt collection. 15 U.S.C. §§ 1692c-f. However, the FDCPA defines "debt collector" as any person who uses interstate commerce "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," 15 U.S.C. § 1692a(6)(A), unless the creditor "uses

any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Moses asserts that the harassing behavior was directed by J.P. Morgan Chase Bank, N.A., the alleged creditor, not by a third-party debt collector. Accordingly, the FDCPA does not apply.

Moses also invokes the Civil Rights Acts and claims violations of her constitutional rights, including "discrimination" and "racial profiling." Title 42 of the United States Code, Section 1983 ("§ 1983"), provides a mechanism for bringing civil rights claims against state actors. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private individuals. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). In this case, the only named defendant in this action is a private banking company. Moses has not alleged that the bank is acting "under color of state law." Moreover, the corporate entity is not a "person" amenable to suit under Section 1983. Thus, Moses's claims against J.P. Morgan Chase Bank, N.A., may not proceed under Section 1983.

Liberally construing the complaint, I find that Moses may be able to assert diversity jurisdiction. She states that she resides in Cambria Heights, New York, and that

5

JPMC's main office is located in the State of Ohio. *See Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006) ("[A] national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located, if that state differs from the location of its main office"). To the extent that Moses alleges that JPMC has harassed or threatened her or committed fraudulent acts, she may be able to allege state law causes of action that could be heard under diversity jurisdiction. She claims damages in the amount of $10 million, although she has not stated the basis for her damages claims. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]") (alterations in original) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)).

Moses has not stated the basis for her damages claim of $10 million, and I am not satisfied that it is reasonably probable that she can recover more than $75,000 in this action. The Court of Appeals for the Second Circuit has cautioned that courts should afford plaintiffs an opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is possible, *Chase Manhattan Bank*, 93 F.3d at 1070. Accordingly, I grant leave to amend the

6

complaint to assert grounds for diversity jurisdiction. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

## CONCLUSION

The Complaint fails to clearly establish any federal question or an adequate basis for an amount in controversy that would bring this case under diversity jurisdiction. Moses is afforded 30 days within which she may file an amended complaint that asserts a valid basis for federal jurisdiction over her claims. She must specify the harm for which she seeks financial recovery and the basis for the amount in controversy. If she believes that she can advance a claim under the FDCPA or any other provision of federal law, she may include any factual details in support of these claims. If available, Moses should attach copies of documents from Alliance Mortgage Corporation and J.P. Morgan Chase Bank, N.A. to support her claims. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for 30 days. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: April 29, 2015
      Brooklyn, New York